OPINION
{¶ 1} Defendant-appellant Michael Martin, III appeals the denial of his Motion to Modify or Reduce Sentence by the Muskingum County Court of Common Pleas. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE[1] {¶ 2} On January 13, 2003, appellant plead guilty to one count of Reckless Homicide with a gun specification; one count of Involuntary Manslaughter with a gun specification; and Discharging a Firearm Over a Public Highway. Via Judgment Entry filed February 28, 2003, the trial court sentenced appellant to a total prison term of seven years.
 {¶ 3} Appellant filed a Motion for Delayed Appeal on December 22, 2003. This Court denied that motion. Appellant subsequently filed a Motion to Modify or Reduce Sentence on July 29, 2005, which the trial court denied via Judgment Entry filed December 13, 2005. It is from that Judgment Entry appellant prosecutes this appeal.
 {¶ 4} Appellant's brief does not contain a statement of the assignments of error presented for review as required by App.R. 16 (A)(3). Upon review of the brief, appellant's argument is based on the United State's Supreme Court's decision in Blakelyv. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed. 2d 403 as reaffirmed in United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738. Appellant's reliance on Blakely andBooker is misplaced as these decisions apply only to cases on direct review. Because the instant appeal does not come to us on direct appeal from the original sentence, we reject appellant's argument. Neither Blakely nor Booker apply retroactively.State v. Cates (May 30, 2006), Fairfield App. No. 2005-CA-0097, unreported, and State v. Stillman (Nov. 16, 2005), Fairfield App. No. 2005-CA-55, unreported, 2005-CA-6299.
 {¶ 5} The judgment of the Muskingum County Court of Common Pleas is affirmed.
By: Hoffman, P.J. Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the December 13, 2005 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] A rendition of the facts is unnecessary for our resolution of this appeal.